IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:22-cv-23902-KMM

| | |
|---|---|
| ANTHONY AGYEMAN, and<br>HFA CONSULTING LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>EARLY WARNING SERVICES, LLC,<br><br>      Defendant. | |

### EARLY WARNING SERVICES, LLC'S MOTION TO DISMISS
### AND MEMORANDUM OF SUPPORT

Defendant, Early Warning Services, LLC ("EWS"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) respectfully moves this Court to enter an order dismissing Plaintiffs' Anthony Agyeman and HFA Consulting, LLC's Complaint in its entirety. In support of its motion, EWS states the following:

### INTRODUCTION

This case should be dismissed in its entirety because neither Plaintiff can state a claim against EWS upon which any relief can be granted. EWS is a nationwide specialty consumer reporting agency ("CRA") and as such, is governed by the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Plaintiffs, an individual and a limited liability company, purport to assert claims against EWS for common law negligence and violations of the FCRA in connection with alleged information EWS received from Bank of America regarding Plaintiffs' use of at least one Bank of America account. For the reasons discussed more fully herein, Plaintiffs' claims each fail for various reasons.

First, EWS's duties and obligations as a CRA are set forth in the FCRA. Except for a narrow exception inapplicable here, Section 1681h(e) of the FCRA preempts all state law negligence claims brought by consumers against CRAs based on information collected or disseminated by the agency. Thus, Plaintiffs' negligence claim must be dismissed.

Plaintiffs' FCRA claims fail for independent reasons. With respect to HFA Consulting, LLC ("HFA"), the FCRA applies only to *consumers*. Therefore, any FCRA claim asserted by HFA necessarily fails as HFA is plainly not a consumer under the FCRA. Agyeman also fails to state a claim upon which relief can be granted because he fails to allege specific facts to support any claim under the FCRA against EWS. For instance, Agyeman attempts to allege a violation of Section 1681g, which requires a CRA to provide a file disclosure upon a consumer's request. Yet Agyeman fails to allege *any* specific facts regarding when he requested a file disclosure, how he requested the disclosure, and any response he received from EWS. The allegations do not meet the well-established pleadings standards set forth under Fed. R. Civ. P. 12(b)(6). Further, to the extent Agyeman attempts to state a claim for a purported violation of Section 1681e(b) of the FCRA, that claim also fails because Agyeman has not alleged any specific facts regarding (1) to whom EWS provided a consumer report and (2) how EWS failed to maintain reasonable procedures to assure maximum possible accuracy as required by Section 1681e(b). Finally, Agyeman has also failed to assert any specific facts to support any alleged damages attributable to EWS. Dismissal is appropriate.

## ARGUMENT

### A. Standard of Review.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citations and internal quotation marks omitted).

Although detailed factual allegations are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions" will not prevent a motion to dismiss. *Oxford Asset Mgmt. v. Jaharis,* 297 F. 3d 1182, 1188 (11th Cir. 2002) (citing *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)).

### B. Plaintiffs' negligence claims must be dismissed because they are preempted by the FCRA.

Plaintiffs' common law negligence claim is preempted by the FCRA and must be dismissed. Section 1681h(e) of the FCRA specifically prohibits consumers from bringing any state law claim "in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished

3

with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).[1] Courts interpreting this provision have ruled the FCRA preempts state law negligence claims absent allegations of malice. *See, e.g., Lofton-Taylor v. Verizon Wireless,* 262 F. App'x 999, 1002 (11th Cir. 2008) ("because there is no evidence that [a statement about credit information] was made maliciously with intent to injure, [plaintiff's] state law defamation and invasion of privacy claims against [defendant] are precluded by § 1681h(e) of the Fair Credit Reporting Act"); *Genevish v. Wells Fargo Bank, N.A.,* No. 8:13-cv-402-T-33AEP, 2013 U.S. Dist. LEXIS 48332, at *4-6 (M.D. Fla. Apr. 1, 2013); *Parks v. Experian Credit Bureau,* No. 6:09-cv-1284-Orl-19DAB, 2010 U.S. Dist. LEXIS 9697, at *10 (M.D. Fla. Feb. 4, 2010) (holding "the FCRA preempts state law claims of negligence in the absence of malice or willful intent to injure a consumer"); *Jordan v. Equifax Info. Servs., LLC,* 410 F. Supp. 2d 1349, 1355 (N.D. Ga. 2006) (finding "[t]he FCRA preempts defamation and negligent reporting claims brought pursuant to state law unless the plaintiff can prove that the defendant acted with malice or with a willful intent to injure him").

Thus, by the FCRA's express language, Plaintiffs' state law claims are preempted unless the information EWS provided was both (1) false and (2) communicated with malice or willful intent to injure Plaintiffs. *Rizvi v. Experian,* No. 20-14148-CIV, 2021 U.S. Dist. LEXIS 144289, at *31 (S.D. Fla. Aug. 2, 2021); *see also Stroud v. Bank of Am.,* 886 F. Supp. 2d 1308, 1322 (S.D. Fla. 2012) ("[T]o avoid preemption of a common law claim in the nature of . . . negligence, a consumer must base claim on false information furnished with malice or willful intent to injure such

---

[1] Although HFA is not a consumer, it still cannot state a claim for negligence against EWS because EWS's duties and obligations are set forth in the FCRA and EWS' duties are owed to consumers. EWS does not owe any separate duty to HFA and HFA has not identified any legal duty owed by EWS. *See, e.g., Promissor, Inc. v. Branch Bank & Tr. Co.*, No. 1:08-CV-1704-BBM, 2008 U.S. Dist. LEXIS 98472, at *13 (N.D. Ga. Oct. 31, 2008) ("A negligence action requires a duty or obligation recognized by law and Promissor has identified no duty owed to it by BB&T.").

consumer."). Under Florida's common law, malice "is present where the primary motive for the statement is shown to have been an intention to injure the plaintiff." *Nodar v. Galbreath,* 462 So. 2d 803, 806 (Fla. 1984) (discussing malice in relation to defamation).

Here, Plaintiffs' negligence claim is preempted by the FCRA. Plaintiffs have not pled that any alleged false information was furnished by EWS "with the malicious or willful intent to damage [them]." 15 U.S.C. § 1681h(e). Instead, Plaintiffs have pled that (1) "upon information and belief," EWS "rephrased" information that was reported to it by Bank of America (Compl. ¶ 16); (2) EWS "owed a duty to inquire into the veracity of information reported to it by banks as to customers"; that EWS "breached its duty;" and (3) "[a]s a proximate result of Early Warning's failure to inquire into the veracity of the information it received, [Plaintiffs] suffered damages." Compl. ¶¶ 21-23.

While EWS denies that it "rephrased" any information provided by Bank of America, there are simply no allegations regarding to whom EWS provided any information or that EWS communicated it maliciously or with willful intent to damage Plaintiffs. Further, EWS does not owe a duty to either Plaintiff to "inquire" into the veracity of the information it received from Bank of America. Instead, EWS is required by the FCRA to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" when EWS provides a consumer report to a third party. 15 U.S.C. § 1681e(b).

As set forth above, the only exception to the FCRA's preemption occurs if false information was provided with a malicious or willful intent to injure. Here, there are *no* allegations that EWS provided false information with a malicious or willful intent to injure Plaintiffs. Consequently, under Section 1681h(e) of the FCRA, Plaintiffs' purported state law claims for negligence are preempted and should be dismissed with prejudice.

### C. HFA's FCRA claims must be dismissed because HFA Consulting is not a consumer.

HFA's FCRA claim must be dismissed because the FCRA only applies to consumer reports. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the *consumer's* right to privacy" and "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for . . . information in a manner which is fair and equitable to the *consumer* . . . ." 15 U.S.C. § 1681 (emphasis added). It is well established that the Act applies only to "consumer reports." *Wrigley v. Dun & Bradstreet, Inc.,* 375 F. Supp. 969, 969-70 (N.D. Ga. 1974).

The FCRA defines "consumer reports" as

> [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a *consumer's* credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the *consumer's* eligibility for— (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d) (emphasis added).

The FCRA defines a consumer as an individual. 15 U.S.C. § 1681a(c). FTC guidance also instructs that the term "consumer" includes only a natural person. The term consumer "does not include artificial entities, such as partnerships, corporations, trusts, estates, cooperatives, associations or entities created by statute, such as governmental agencies." Fed. Trade Comm'n, 40 Years of Experience with the Fair Credit Reporting Act, 19 (July 2011) available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf (last visited December 5, 2022).

HFA appears to attempt to assert two claims under the FCRA – both of which fail. First, HFA alleges it requested a copy of its "financial data maintained by Early Warning" and that EWS failed to provide HFA with access to its financial data. Compl. ¶¶ 27-28. EWS interprets these allegations as an attempt to assert a claim under section 1681g(a) of the FCRA. Section 1681g(a) requires a CRA to "upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the *consumer*: (1) All information in the *consumer's* file at the time of the request . . . . 15 U.S.C. § 1681g(a) (emphasis added). HFA cannot state a claim under Section 1681g(a) because it is not a consumer. HFA's claim under Section 1681g(a) necessarily fails.

HFA also appears to attempt to state a claim for violation of Section 1681e(b) by alleging that EWS has "failed to accurately report Plaintiffs' financial data." Compl. ¶ 29. However, HFA would never have been subject to a consumer report for the simple reason that HFA is not a consumer. The Court can easily dispose of HFA's FCRA claims because HFA is not entitled to protection under the FCRA because it does not qualify as a consumer.

      **D.    Agyeman's FCRA claims are not supported by sufficient facts and should be dismissed.**

Agyeman's allegations are also insufficient to state a claim under the FCRA for three independent reasons. First, while the Complaint is not a model of clarity, if Agyeman's claims are asserted in connection with an attempted business transaction, the FCRA does not apply.[2] Indeed, "the FCRA does not apply to business transactions, even those involving consumers and their consumer credit information." *Yeager v. TRW, Inc.,* 961 F. Supp. 161, 162 (E.D. Tex. 1997); *see*

---

[2] The Complaint alleges that Mr. Agyeman is an entrepreneur and that he has several companies that have operated in several states including Texas and Florida. Compl. ¶¶ 7-8. He alleges that he formerly had bank accounts at Bank of America but it is unclear whether these "accounts" are Mr. Agyeman's accounts or HFA's accounts. To the extent the allegations relate to activity on HFA's accounts and constitute business transactions, the FCRA does not apply.

*also Wrigley,* 375 F. Supp. at 970-971 (citing *Sizemore v. Bambi Leasing Corp.,* 360 F. Supp. 252, 254 (N.D. Ga. 1973)), *aff'd* by 500 F.2d 1183 (5th Cir. 1974) ("The court is constrained to the view that both the legislative history of the Act and the official administrative interpretation of the statutory terminology involved compel the conclusion that the Act does not extend coverage to a consumer's business transactions."); *Fernandez v. Retail Credit Co.,* 349 F. Supp. 652 (E.D.La. 1972).

    1.    <u>Agyeman's fails to plead specific facts to support his purported claim under section 1681g(a).</u>

Second, Agyeman fails to allege sufficient facts to support a claim under Section 1681g(a). Section 1681g(a) requires a CRA, among other things, to "upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request . . . ." 15 U.S.C. § 1681g(a). Agyeman alleges that EWS has failed to provide him with "access to his financial data maintained by EWS." Compl. ¶ 28. However, Agyeman's Complaint includes no facts or allegations that Agyeman ever actually requested his file disclosure. The Complaint also contains no facts regarding when Agyeman requested his "financial data," how he requested it, and how EWS responded to the request. Instead, Agyeman has only pled the conclusory allegation that EWS did not provide the data and that he suffered damages as a result.

Courts considering similar allegations have found them to be insufficient for purposes of Rule 12(b)(6)'s pleading requirements. For example, in *Bey v. Am. Honda Fin. Corp.,* the court granted a motion to dismiss where the plaintiff provided two specific dates related to his alleged file disclosure request but where the plaintiff failed to "elaborate on the content of his requests for disclosure" and where he failed to "elaborate on whether Equifax failed to disclose all information in his file and all sources of information or whether it partially disclosed some information and

8

sources." No. 8:17-cv-759-T-33MAP, 2017 U.S. Dist. LEXIS 177620, at *6-7 (M.D. Fla. Oct. 26, 2017); *see also Byrd v. Equifax Consumer Servs.,* No. 1:19-cv-04417-CAP-RGV, 2019 U.S. Dist. LEXIS 234984, at *9 (N.D. Ga. Nov. 14, 2019) (Dismissing the plaintiff's claim under section 1681g(a)(2) based on the plaintiff's failure to allege "any facts setting out the content of the consumer files he received from Equifax, the nature or scope of his requests for disclosure, or the information contained in the files he received for which a source was not identified.").

The same is true here. It is unclear whether Agyeman received some information or whether he claims he received nothing. In addition, his failure to include any specific dates regarding the alleged file disclosure request makes it impossible for EWS to know whether it ever received the alleged request or whether the request was received right before Plaintiff filed suit such that EWS had not yet sent the file disclosure. If Agyeman has more specific facts to support this claim, he must plead them.

Agyeman's purported claim under section 1681g(a) can also be dismissed for the independent reason that he has failed to allege specific facts supporting his alleged damages. Instead, Agyeman alleges in a conclusory fashion that he has "suffered damages." Compl. ¶ 28. Agyeman alleges no facts to support that he suffered any *because of* the alleged failure to receive his file disclosure. *See, e.g., McWhorter v. Transunion LLC,* No. 1:21-cv-01753-SDG-LTW, 2022 U.S. Dist. LEXIS 118733, at *17 (N.D. Ga. Apr. 27, 2022) (citing *Trichell v. Midland Credit Mgmt., Inc.,* 964 F.3d 990, 1004 (11th Cir. 2020) ("Because Plaintiff has not 'identified consequential harms from the failure to disclose the contested information,' her § 1681g claims fail."). Again, the specific facts, including the date at which Agyeman claims he allegedly suffered damages are particularly important here, because if the alleged damages occurred *before* Agyeman

9

requested his file disclosure, he would have no evidence to support his claimed "damages." *See, e.g., Taylor v. Screening Reports, Inc.,* 294 F.R.D. 680, 686 (N.D. Ga. 2013).

> 2. <u>Agyeman fails to allege sufficient facts to support his purported claim under Section 1681e(b).</u>

Finally, Agyeman fails to allege sufficient facts to support a claim under Section 1681e(b). To state a claim for a violation of Section 1681e(b) a plaintiff must allege: "(1) the CRA published an inaccurate consumer report to a third party; (2) in publishing its consumer report, the CRA failed to follow reasonable procedures to ensure the maximum possible accuracy of the consumer report; and (3) the plaintiff suffered actual damages as a result of the CRA's failure to follow reasonable procedures." *Lazarre v. JPMorgan Chase Bank, N.A.,* 780 F. Supp. 2d 1320, 1328 (S.D. Fla. 2011).

Agyeman's Complaint fails to plead facts to support each of these elements. First, the Complaint contains *no* facts regarding the existence of a consumer report, or the recipient of any consumer report provided by EWS. Instead, Agyeman simply alleges that "EWS disseminated false allegations about Mr. Agyeman and HFA as though they were true." Compl. ¶ 18. Similar allegations have been held to be insufficient. *See Jackson v. Warning,* No. PJM 15-1233, 2016 U.S. Dist. LEXIS 172589, at *17 n.6 (D. Md. Dec. 13, 2016) (Granting motion to dismiss finding the allegation that the defendant "published false and inaccurate information about [the plaintiff] to third parties who reasonably recognize[d] the information is defamatory . . ." to be an insufficient conclusory statement.). Like the plaintiff in *Jackson*, Agyeman does allege what was in any consumer report and he does not allege any facts regarding who received any consumer report EWS provided. This deficiency alone warrants dismissal.

Agyeman also fails to allege any facts regarding EWS's alleged failure to follow reasonable procedures to ensure maximum possible accuracy. "[F]ailure to follow reasonable procedures is

10

a material element necessary for recovery under [section] 1681e(b)." *Allmond v. Bank of Am.,* No. 3:07-cv-186-J-33JRK, 2008 U.S. Dist. LEXIS 4788, at *15 (M.D. Fla. Jan. 23, 2008). Agyeman alleges in a conclusory fashion that EWS "failed to accurately report Plaintiffs' financial data." Compl. ¶ 29. There are no allegations regarding what procedures EWS followed or why those procedures were unreasonable. To the extent that Agyeman would argue that his allegation in paragraph 17 of the Complaint that "Early Warning did not inquire with Mr. Agyeman or HFA as to the veracity of the allegations contained in its report" is sufficient to support a claim under section 1681e(b), that argument necessarily fails. EWS is not required to "inquire" with Agyeman about the information it provides in a report and Agyeman's Complaint makes no reference to any provision in the FCRA that supports this theory. Instead, EWS is entitled to rely on information provided by Bank of America absent allegations suggesting that Bank of America is an unreliable source. *Allmond v. Bank of Am.,* 2008 U.S. Dist. LEXIS 4788, at *17 ("Without more, inaccuracy simply does not suggest unreasonable procedures, at least where the complaint shows that the consumer reporting agency accurately reported information from a national bank."). Like the plaintiff in *Allmond,* has failed to plead sufficient facts to show that EWS failed to follow reasonable procedures.

Finally, like his claim under Section 1681g(a), Agyeman fails to plead facts to support his alleged "damages" under Section 1681e(b). Because Agyeman has failed to plead sufficient facts to support any alleged damages his Section 1681e(b) claim should be dismissed. *Saho v. Equifax, Inc.,* No. 1:19-cv-04252-LMM-RGV, 2019 U.S. Dist. LEXIS 235895, at *12 (N.D. Ga. Oct. 31, 2019).

11

## **CONCLUSION**

For the reasons stated herein, Defendant Early Warning Services, LLC respectfully requests that the Court enter an order granting is Motion to Dismiss and dismissing Plaintiffs claims with prejudice.

Dated: December 7, 2022

*/s/ Gillian D. Williston*
Gillian D. Williston (Florida Bar No: 14270)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: 757-687-7500
Facsimile:  757-687-7510
Email:  gillian.williston@troutman.com
Secondary Email: fslecfintake@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2022, the foregoing was filed electronically with the Clerk of Court using the CM/ECF. I further certify that on the 7th day of December 2022, the foregoing was served by electronic mail on the following:

Jane W. Muir, Esq.
**J. MUIR & ASSOCIATES, P.A.**
121 Alhambra Plaza, Suite 1500
Coral Gables, FL 33134
Telephone: (786) 533-1100
Facsimile: (786) 533-1101
*Counsel for Plaintiffs*

/s/ *Gillian D. Williston*
Gillian D. Williston (Florida Bar No: 14270)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:    757-687-7500
Facsimile:    757-687-7510
Email:  gillian.williston@troutman.com
Secondary email:
fslecfintake@troutman.com
*Counsel for Defendant Early Warning Services, LLC*

136463744